UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND,
ANNUITY FUND, AND APPRENTICESHIP,
JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, *et
al.*,

         Petitioners,

     -v-

WETHERALL CONTRACTING OF NY INC.,
         Respondent.

17-CV-6198 (JPO)

ORDER AND JUDGMENT

J. PAUL OETKEN, District Judge:

   Petitioners commenced this action to confirm and enforce an arbitration award against

Respondent Wetherall Contracting of NY Inc. ("Wetherall").  The underlying dispute stems from

Respondent's failure permit an audit to ensure compliance with its obligations under a collective

bargaining agreement, which required it to make contributions to benefits funds.  (Dkt. No. 1

¶ 11, 18.)  Wetherall did not appear at the arbitration, despite having received notice.  (Dkt. No.

1-5 at 2.)  The arbitrator found in favor of Petitioners and awarded them a total of $1,790,789.71.

(*Id.* at 3.)

   In this action, Wetherall was served on August 18, 2017 (Dkt. No. 8), but, to date, it has

not filed an appearance or otherwise responded to the petition.  Petitioners have therefore

requested that the Court treat the petition as an unopposed motion for summary judgment.  (Dkt.

No. 9.)

   The Second Circuit has noted that, when a petition to confirm an arbitration award is

supported by an adequate record, it should be "treated as akin to a motion for summary judgment

based on the movant's submissions." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Here, Petitioners have supplied a full record, including: the project agreement between Wetherall and the United Brotherhood of Carpenters and Joiners of America, AFL-CIO ("the union") (Dkt. No. 1-1); the union's collective bargaining agreement, which was incorporated into the project agreement (Dkt. No. 1-2); Petitioners' collection policy, which is incorporated into the collective bargaining agreement and provides for the right to an audit (Dkt. No. 1-3); a copy of the notice of hearing before the arbitrator (Dkt. No. 1-4); the opinion and award of the arbitrator (Dkt. No. 1-5); and the contemporaneous time and expense records of Petitioners' attorneys (Dkt. No. 1-6).

The Court has reviewed the record, including the reasoning of the arbitrator, who found that Wetherall "refused to have its company's Books & Records examined by [Petitioners'] auditors and continued to deny [Petitioners] permission for an audit within seven days of [Petitioners'] written notice." (Dkt. No. 1-5 at 2.) The arbitrator also calculated, based on the evidence presented, the total amount to which Petitioners are entitled, and these findings support the amount of the judgment and post-award interest sought by Petitioners here. (*Id.* at 2–3.)

IT IS THEREFORE ORDERED AND ADJUDGED that the Petition is granted, the underlying arbitration award is confirmed, and judgment is entered in favor of Petitioners and against Respondent as follows:

1. Awarding Petitioners $1,790,789.71 pursuant to the July 7, 2017, arbitration award plus interest from the date of the award through the date of judgment with interest to accrue at an annual rate of 5.75%;

2. Awarding Petitioners $75 in costs;

3. Awarding Petitioners $382.50 in attorneys' fees; and

4. Awarding Petitioners post-judgment interest at the statutory rate.

Petitioners are directed to serve copies of this Order by mail on Respondent.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: April 19, 2018
New York, New York

J. PAUL OETKEN
United States District Judge